**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **ZAYRELL BANESA SOSA DE DELGADO** | **CIVIL ACTION NO. 3:26-1812** |
| | **SECTION P** |
| **VS.** | **JUDGE TERRY A. DOUGHTY** |
| **MARKWAYNE MULLIN, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Petitioner Zayrell Banesa Sosa de Delgado,[1] a detainee in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE"), petitions for a writ of habeas corpus under 28 U.S.C. § 2241.[2] Respondents oppose the petition. [doc. # 18]. For reasons below, the Court should deny the petition.

## Background

Petitioner is a citizen of Venezuela. "Petitioner entered the U.S. on or about February 27, 2015, pursuant to a B1/B2 Temporary Visitor Visa at Miami International Airport. Petitioner was lawfully admitted at that time and was authorized to remain in the United States until August 26, 2015. Petitioner has not left the United States since then." [doc. # 1, p. 22].

ICE detained Petitioner on April 7, 2026, "following a traffic stop near Orlando, Florida." [doc. # 1, pp. 7, 22].

---

[1] Petitioner's "A Number" is 206-979-973.

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

"The Immigration Court held a bond hearing on or about April 29, 2026. The Immigration Court denied bond, finding Petitioner to be a flight risk." [doc. #s 1, p. 23; 1-2, p. 11].

Petitioner filed this proceeding on May 29, 2026. [doc. # 1]. She first claims that the Government violated the *Accardi* Doctrine when DHS detained her without a judicial warrant and without complying with 8 C.F.R. § 287.8(c)(2)(i), (ii). *Id.* at 23. She argues: "Petitioner was not evading law enforcement, and there was no factual basis to conclude that she was likely to escape before a warrant could be obtained. Petitioner has always dutifully presented herself to her court hearings. There was no factual basis to conclude that Petitioner was 'likely to escape before a warrant could be obtained,' as required by 8 C.F.R. § 287.8(c)(2)(ii)." *Id.*

Petitioner next claims that the Government violated her right to due process because the immigration judge applied an "incorrect burden and standard of proof" at her bond hearing. [doc. # 1, p. 24]. She argues, "the immigration judge denied bond on April 29, 2026, finding Petitioner to be a flight risk, without requiring the government to justify continued detention by clear and convincing evidence and without providing a constitutionally sufficient individualized assessment of Petitioner's lack of criminal convictions, absence of danger, substantial family and community ties, long-term residence in the United States, and availability of less restrictive alternatives to detention." *Id.* at 25.

Petitioner similarly claims that the Government violated her right to due process because her bond hearing was not before an impartial tribunal. [doc. # 1, p. 25]. According to Petitioner: "[T]he immigration courts are structurally not impartial tribunals. Immigration courts are part of the Executive Branch's detention and removal system. In Petitioner's case, the denial of bond based on an unsupported flight-risk finding and without a constitutionally sufficient

individualized assessment of all relevant factors demonstrates the lack of a meaningful, individualized, and neutral custody determination. Therefore, immigration courts do not satisfy the minimum requirements of due process." *Id.*

On June 9, 2026, an immigration judge ordered Petitioner removed to Venezuela. [doc. # 18-4]. On July 8, 2026, the Board of Immigration Appeals received Petitioner's appeal; the appeal is pending. [doc. # 18-5].

Respondents opposed the petition on September 30, 2026. [doc. # 18]. Petitioner filed a reply on October 6, 2026. [doc. # 19].

## Law and Analysis

### I. Arrest

Because it concerns the Court's power to decide the case, "[j]urisdiction is always first." *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) (quoting *Arulnanthy v. Garland*, 17 F.4th 586, 592 (5th Cir. 2021)). "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). Several sections of the Immigration and Nationality Act curtail the jurisdiction of federal district courts in immigration cases. *See Jennings v. Rodriguez*, 583 U.S. 281, 292-96 (2018).

Here, Petitioner claims that the Government violated the *Accardi* Doctrine when DHS detained her without a judicial warrant and without complying with 8 C.F.R. § 287.8(c)(2)(i), (ii).

However, 8 U.S.C. § 1252(g) (emphasis added), strips the Court of jurisdiction over these claims. Section 1252(g), provides: "Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any

other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien *arising from the decision or action by the Attorney General to commence proceedings*, adjudicate cases, or execute removal orders against any alien under this chapter."

Petitioner's claims arise from a decision to commence removal proceedings against her.[3] Accordingly, the Court should dismiss them.

**II. Due Process at Bond Hearing**

As above, Petitioner claims that her bond hearing was before an impartial tribunal and that the immigration judge applied an "incorrect burden and standard of proof" at the bond hearing. As above, the immigration judge denied Petitioner's request for bond on the merits, finding that Petitioner was a flight risk.

The parties do not dispute that Petitioner is detained under 8 U.S.C. § 1226. Under Section 1226(a)(2), "the Attorney General . . . may release the alien on" bond.

Under 8 U.S.C. § 1226(e): "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or

[3] *See Guerra Quezada v. United States*, No. 25-10372, 2026 WL 2364302, at *3 (5th Cir. Aug. 14, 2026) (finding that the petitioner's false arrest claim was a challenge to the "'decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders'" under 8 U.S.C. § 1252(g)); *Sissoko v. Rocha*, 509 F.3d 947, 950 (9th Cir. 2007) ("[W]e hold that 8 U.S.C. § 1252(g)'s jurisdiction-stripping language covers the Sissokos' false arrest claim."); *Limpin v. United States*, 828 F. App'x 429 (9th Cir. 2020) (opining, where a petitioner alleged that he was wrongfully arrested and detained in connection with removal proceedings, that the "district court properly dismissed [the] action for lack of subject matter jurisdiction because claims stemming from the decision to arrest and detain an alien at the commencement of removal proceedings are not within any court's jurisdiction."); *Gupta v. McGahey*, 709 F.3d 1062 (11th Cir. 2013) (finding, where a petitioner argued that agents illegally created an arrest warrant, illegally arrested him, and illegally detained him, that Section 1252(g) barred the court from reaching the merits of the claims).

decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."

Petitioner contends that she "does not challenge the immigration judge's discretionary decision whether to grant bond" and that instead, she challenges "the processes and generalized policies underlying that decision[,]" as well as "the lack of due process" underlying the decision. [doc. # 5, p. 24].

Petitioner's claims, however, are a thinly veiled challenge to the immigration judge's discretionary judgment. By challenging the impartiality of the tribunal, she challenges the judgment of that tribunal. By challenging the burden and standard of proof the immigration judge applied, she challenges the immigration judge's resulting judgment. Consequently, the Court lacks jurisdiction over Petitioner's claims.[4] The Court should dismiss them accordingly.

**III. Motion for Summary Judgment**

Petitioner moves for summary judgment on grounds that the Government failed to file a response by the Court's deadline. [doc. # 13].

"The appropriate procedure against a defendant in default is a motion for default

[4] *See Mol v. Garcia*, 2026 WL 1239308, at *2 (W.D. La. Apr. 20, 2026), *report and recommendation adopted,* 2026 WL 1233408 (W.D. La. May 5, 2026) ("The immigration judge's finding that Mol is a danger to the community is not reviewable in federal court. *See* 8 U.S.C. § 1226(e)[.]"); *Shcherbinin v. Rice*, 2025 WL 3687739, at *2 (W.D. La. Dec. 9, 2025), *report and recommendation adopted,* 2025 WL 3698403 (W.D. La. Dec. 19, 2025) ("Shcherbinin did not convince the immigration judge that he was no danger to the community, so the judge denied release pending a decision on whether Shcherbinin is to be removed from the United States. The Court lacks authority to review this discretionary decision."); *Valles v. De-Anda*, 2026 WL 1232394, at *2 (W.D. Tex. May 5, 2026) ("Because the decision to detain Petitioner without bond was made following an individualized review of the record by an Immigration Judge, the Court finds it is stripped of jurisdiction under 8 U.S.C. § 1226(e) and cannot review Petitioner's claims."); *Fraihat v. Barr*, 790 F. App'x 120, 121 (9th Cir. 2020) ("[H]e challenges the agency's interpretation of his conviction record and asks that we find him not dangerous. That challenge is barred by Section 1226(e).").

judgment, not a motion for summary judgment." *Great Am. Ins. Co. v. Delphini Constr. Co.*, 2015 WL 13791707, at *2 (M.D. Fla. Sept. 28, 2015); *see Progressive Cnty. Mut. Ins. Co. v. Rodriguez*, No. 1:23-CV-1465-RP, 2024 WL 5274529, at *1 (W.D. Tex. Sept. 10, 2024).

Here, Petitioner "does not seek a Rule 55 default judgment. She seeks a decision on the merits under § 2243, a decision the government has chosen not to contest." [doc. # 13].

The Court should deny the motion for summary judgment as procedurally improper.[5]

**Recommendation**

For reasons above, **IT IS RECOMMENDED** that Petitioner Zayrell Banesa Sosa de Delgado's motion for summary judgment, [doc. # 13], be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Petitioner's petition be **DENIED AND DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the**

---

[5] Moreover, as explained above, the Court lacks jurisdiction to reach the merits of Petitioner's claims.

**legal conclusions accepted by the District Court, except upon grounds of plain error.** ***See Douglass*** ***v.*** ***United Services Automobile Association*****, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 8th day of October, 2026.

Kayla Dye McClusky
United States Magistrate Judge